## IN THE UNTIED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT J. DUDASH, et al** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SAXON MORTGAGE SERVICES, INC., et al** | : | **NO. 09-2584** |

**Goldberg, J.**                                                                                   **March 3, 2010**

### MEMORANDUM OPINION

The primary issue in deciding Defendant's Motion to Dismiss in this Truth in Lending Act case is whether notice that the mortgage interest rate would be increasing was timely sent to Plaintiff according to the Act. Because we find that Defendant did comply with the Act, its Motion will be granted.

### I. STATEMENT OF FACTS

On June 26, 2006, Plaintiffs, Robert J. Dudash and Carol L. Dudash, entered into a mortgage agreement with New Century Mortgage Corporation. The mortgage was subsequently assigned to Defendant Deutsche Bank Trust Company Americas. Defendant Saxon Mortgage Services, Inc., serviced the loan for Deutsche Bank. In a letter postmarked July 7, 2008, Saxon informed Plaintiffs that the interest rate on the loan was going to increase, effective August 1, 2008. Plaintiffs acknowledge in their complaint that the notice was postmarked on July 7, 2008, and indeed have attached a copy of the postmarked envelope, which confirms that date. (See generally, Am. Complaint; Exhibit C).

On August 5, 2008, Plaintiffs responded that the rate increase notice was not sent timely, and therefore, the interest rate should not have been increased. Saxon replied via correspondence dated

August 27, 2008, stating that Plaintiffs had been notified of the rate increase in a timely manner. This correspondence included an error regarding the date the original notice was sent. (See generally, Am. Complaint; Exhibits D and E).

Plaintiffs originally filed suit against Defendant Saxon on June 8, 2009. On September 3, 2009, Plaintiffs filed an amended complaint against Saxon and Deutsche Bank, alleging: (1) violations of the Truth in Lending Act ("TILA"); and (2) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). On September 24, 2009, Saxon filed a Motion to Dismiss, which was granted as unopposed. On December 22, 2009, Deutsche Bank filed the instant Motion to Dismiss.

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, a plaintiff must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570).

2

## Count I - Violations of TILA

Plaintiffs' TILA claim is based entirely on Defendants' alleged failure to send a timely notice of the interest rate increase and Plaintiffs' subsequent objection to the notice. (Am. Complaint, ¶ 21). Under the TILA, "at least 25, but no more than 120, calendar days before a payment at a new level is due, the following disclosures, as applicable, must be delivered or placed in the mail[.]" 12 C.F.R. § 226.20(c). Here, July 7, 2008, is exactly twenty-five (25) days before the due date of August 1, 2008. Because Defendants mailed the increase notice with the required disclosures on July 7, 2008, Defendants have not violated § 226.20(c).[1] Further, with regards to Plaintiffs' allegations that Defendants failed to investigate their objection and the fact that the August 27, 2008 letter sent by Saxon contained an error, we have not found any provision of TILA that permits recovery under such factual allegations where Plaintiffs' objection was unfounded. Therefore, Count I shall be dismissed.

## Count II - Violations of UTPCPL

In their amended complaint, Plaintiffs also allege that Defendants' TILA violation is a per se violation of the UTPCPL. However, because we find that Deutsche Bank has not violated TILA, this claim fails.

Relying on the Saxon letter referenced above, which contained an error as to the date the notice in question was sent, Plaintiffs further allege that Defendants, "engag[ed] in fraudulent and deceptive conduct which creates a likelihood of confusion and misunderstanding, including but not limited to its misleading response to Plaintiffs [sic] objection to the improperly assessed rate

---

[1] Plaintiffs argue in their response that although the notice was postmarked July 7, 2008, "[a]s to when it was actually mailed is in dispute." (Plaintiffs' Resp., ¶ 13). We reject this argument, however, because it is a matter of common knowledge that an item is postmarked after it is mailed.

increase." (Am. Complaint, ¶ 25(a)). While Defendants' response to Plaintiffs' objection does contain an error, we find that this error alone is not enough to make out a claim under the UTPCPL. "To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004) (citing Weinberg v. Sun Co., 777 A.2d 442, 446 (Pa. 2001)); See Hunt v. United States Tobacco Co., 538 F.3d 217, 225 (3d Cir. 2008) (holding that a plaintiff must allege justifiable reliance for all substantive subsections of the UTPCPL). The amended complaint fails to allege that Plaintiff relied upon and then suffered harm as a result of any conduct by Defendants. Therefore, Plaintiffs' claim under the UTPCPL will be dismissed.

## III. **CONCLUSION**

For the foregoing reasons, Defendant's Motion shall be granted. Our Order follows.